UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


CORNELL DWAYNE JACKSON,

     Petitioner,

v.                                       Case No. 3:19cv3638-RV-HTC


FLORIDA DEPARTMENT OF CORRECTIONS,
STATE OF FLORIDA,

     Respondents.
_____/

## REPORT AND RECOMMENDATION

     Petitioner, Cornell Dwayne Jackson, proceeding *pro se*, filed a petition under 28 U.S.C. § 2254 by delivering it to prison mail officials on September 5, 2019. ECF Doc. 1.[1] He has paid the full filing fee. ECF Doc. 5. The matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). For the reasons set forth below, the undersigned recommends the Petition be dismissed under Habeas Rule 4 as it plainly appears from the petition that the petitioner is not entitled to relief.

---

[1] *See* Habeas Rule 3(d) and *Houston v. Lack*, 487 U.S. 266, 275-76 (1988) (Under the "prison mailbox rule," a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing.).

Under Habeas Rule 4, "[t]he clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it.  If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  Here, the petition is clearly frivolous.

Ground One states the words "Double Jeopardy" on one line and then "Ineffect [sic] assistance of counsel, one continuous act, illegal sentence, etc." and then lists a bunch of numbers which could be case numbers, but the Petitioner offers no explanation as to the relevance of those numbers.  For Grounds Two through Four, Petitioner also simply lists a series of case numbers, again without any explanation of the relevance of those numbers.   Under the "Timeliness of the Petition" section, Petitioner states: "I am the Son of God the Saviour of the Whole Universe."  He also notes that he is 46 years old and he has 46 chromosomes, so "ha hay hey breathe life live living alive perfection from this sacrifice crucifixion."  Finally, as relief, he seeks "release, the debt has been paid for all creation with my money I paid their debt cancelled it year of release, release me out of the department of corrections, ASAP."  ECF Doc. 1.

Under Habeas Rule 2, the petition must "specify all the grounds for relief available to the petitioner"; "state the facts supporting each ground"; and "state the

relief requested." Jackson's petition fails to do so, and the fanciful nature of the document indicates that allowing amendment would be futile.

A district court has the power under Rule 4 of the Rules Governing Section 2254 Cases "to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state." *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999); *see also Bundy v. Wainwright*, 808 F.2d 1410, 1414-15 (11th Cir. 1987) (stating that court entertaining application for writ of habeas corpus may either grant the writ, issue order directing respondent to show cause why it should not be granted, or summarily dismiss petition for facial insufficiency). Before dismissing an action *sua sponte*, however, the Court must ensure that it employs a procedure that is fair, which generally includes "provid[ing] the plaintiff with notice of its intent to dismiss or an opportunity to respond." *Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotation marks omitted).

A magistrate judge's Report and Recommendation provides such notice and opportunity to respond. *See Shivers v. Int'l Bhd. of Elec. Workers Local Union*, 349, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating that a party has notice of a district court's intent to *sua sponte* grant summary judgment where a magistrate judge issues a report recommending the *sua sponte* granting of summary judgment); *Anderson v. Dunbar Armored, Inc.*, 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting that report and recommendation served as notice that claims would be *sua*

*sponte* dismissed). Thus, this Report and Recommendation constitutes fair notice to Petitioner that his petition is being recommended for dismissal.

As indicated below, Petitioner will have the opportunity to present his objections to this finding, and the presiding district judge will review *de novo* properly submitted objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *see also Glover v. Williams*, 2012 WL 5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining that magistrate judge's report and recommendation constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond).

Accordingly, it is respectfully RECOMMENDED:

1.      That the petition be DISMISSED under Habeas Rule 4.

2.      That the clerk be directed to close the file.

At Pensacola, Florida, this 21st day of October, 2019.

/s/ Hope Thai Cannon

**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

<u>NOTICE TO THE PARTIES</u>

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. §

636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. See 11th Cir. R. 3-1; 28 U.S.C. § 636.